UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM PARKWELL, | CASE NO. C21-5233 BHS |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| JAMES HOWARD and MICHAEL T. PINES, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Michael T. Pines's motion for temporary restraining order, Dkt. 8, and on its own motion following review of Pines's notice of removal of this unlawful detainer action from the Clallam County Superior Court for the State of Washington, Dkt. 1.

Plaintiff Tom Parkwell alleges that he is the landlord of 300 N. Sequim Avenue, #24, Sequim, Washington 98382 ("the property"), where Defendants, including Pines, reside. Dkt. 1-1. He alleges that he served notice of intent to sell and notice to vacate on Defendants in compliance with Governor Jay Inslee's Proclamation 20–19.6 on Evictions

ORDER - 1

and Related Housing Practices, but Defendants refused to vacate. *Id*. Parkwell sued for a writ of restitution and damages pursuant to RCW 59.18, *et seq*.

Pines removed the case to this Court, alleging federal question jurisdiction. Dkt. 1 at 3. In the notice of removal, Pines improperly styles himself as the plaintiff and styles Parkwell, along with numerous other individuals, as defendants. *Id*. at 1. He contends that these individuals "committed crimes consisting of real estate fraud, tax fraud, bank fraud, perjury, and other crimes." *Id*. at 3. He attaches an exhibit titled "Complaint" further articulating his allegations, Dkt. 1-3, which the Court construes as intending to assert counterclaims.

Pines asserts that the Clallam County Public Utility District turned off the electricity at the property where he resides. Dkt. 8 He moves for a temporary restraining order and preliminary injunction requiring the Utility District to restore the property's electricity service. Dkt. 8.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). District courts have federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal

petition was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted).

A defense (or counterclaim) is not part of a plaintiff's properly pleaded statement of claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

No federal question is present on the face of Parkwell's properly pleaded complaint. *California*, 215 F.3d at 1014. Pines's contention that he has federal counterclaims is insufficient to confer jurisdiction on this Court. As the Court is without jurisdiction to hear this case, it cannot consider Pines's motion for temporary restraining order.

Therefore, the Court will *sua sponte* **REMAND** this case to the Clallam County Superior Court, and Pines's motion for Temporary Restraining Order, Dkt. 8, is **DENIED as moot**, as are any other pending motions.

Dated this 7th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3