UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM PARKWELL,<br><br>               Plaintiff,<br>    v.<br><br>MICHAEL T. PINES, et al.,<br><br>              Defendants. | CASE NO. C21-5233 BHS<br><br>ORDER DENYING MOTION FOR EARLIER REMAND AND DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Tom Parkwell's motion for earlier remand, Dkt. 12, and Defendant Michael Pines's motion for reconsideration, Dkt. 13. The Court has considered the motions and the remainder of the file and denies both motions for the reasons stated herein.

As set forth in the Court's previous order, Dkt. 11, Plaintiff Tom Parkwell alleges that he is the landlord of 300 N. Sequim Avenue, #24, Sequim, Washington 98382 ("the property"), where Defendants including Pines reside. Dkt. 1-1. Parkwell alleges that Defendants improperly refused to vacate the property. *Id*. He sued for a writ of restitution and damages in the Clallam County Superior Court for the State of Washington. *Id*. Pines removed the case to this Court, invoking the Court's federal question jurisdiction, Dkt. 1,

and moved for a temporary restraining order requiring the Clallam County Public Utility District to restore electricity service at the property, where he resides, Dkt. 8.

As no federal question appeared on the face of Parkwell's properly pleaded complaint, the Court found subject-matter jurisdiction lacking, denied the motion for temporary restraining order as moot, and ordered the case remanded. Dkt. 11 (citing, among others, 28 U.S.C. § 1447(c)). Per Local Civil Rule 3(i), the remand will take place fourteen days after the Court's order, on April 21, 2021.

Parkwell seeks earlier remand. Dkt. 12. He contends that as Defendants seek utility assistance and that he seeks a writ of restitution, prompt remand serves the interest of all parties. *Id.* As Pines does not agree, the Court finds Parkwell has not established good cause for earlier remand and DENIES the motion.

Pines seeks reconsideration of the Court's order directing remand. Dkt. 13. Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h).[1] "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in

---

[1] Pines titles his motion one for reconsideration, but also cites Federal Rule of Civil Procedure 60, Relief from a Judgment or Order. Pines has not demonstrated that the Court should relieve him from his judgment on any of the basis under Rule 60—clerical mistake, mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void judgment, or a satisfied or discharged judgment.

ORDER - 2

1 | the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Pines's motion advances the same position in his notice of removal, that his federal counterclaims may create federal jurisdiction. As set forth in the Court's prior order, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Therefore, Pines has not established manifest error, and his motion for reconsideration is DENIED.

It is hereby **ORDERED** that Parkwell's motion for earlier remand, Dkt. 12, is **DENIED**, and Pines's motion for reconsideration, Dkt. 13, is **DENIED**.

Dated this 12th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge